

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. G. Garza
County Attorney
Brooks County
Falfurrias, Texas

Dear Sir:

Opinion No. 0-1576
Re: Can the Commissioners' Court
appropriate money to pay the
light bill that would be in-
curred by maintaining and
upkeeping two electric traf-
fic lights at two intersec-
tions of two state highways
intersecting right through
the heart of Falfurrias?

Your request for an opinion upon the above stat-
ed question has been received and carefully considered by
this department.

Your letter reads, in part, as follows:

"By the way of an explanation of
the situation, I will say that our town
is not incorporated and therefore the
county pays for the upkeep of the
streets and other miscellaneous matters,
and since the traffic is somewhat heavy
and congested at times at the particular
intersections above mentioned, the State
Highway Department has agreed to furnish
the traffic lights provided that the
county will pay for the light bill."

We quote from Texas Jurisprudence, Volume 11,
pages 563, 564, 565, and 566, as follows:

"Counties, being component parts
of the state, have no powers or duties
except those which are clearly set
forth and defined in the Consitution
and statutes. The statutes have clearly

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. G. Garza, Page 2

defined the powers, prescribed the du-
ties , and imposed the liabilities of
the commissioners' courts, the medium
through which the different counties
act, and from those statutes must come
all the authority vested in the coun-
ties.

"The grants of powers to such
governmental agencies as counties,
townships and school districts are
generally more strictly construed than
are those to incorporated municipali-
ties. The commissioners' court is not
vested with any general police power.
. . .

"Commissioners' courts are courts
of limited jurisdiction, in that their
authority extends only to matters per-
taining to the general welfare of
their respective counties and that
their powers are only those expressly
or impliedly conferred upon them by law,
- that is, by the constitution and stat-
utes of the state."

The exclusive jurisdiction over State highways
is placed in the State Highway Commission by Article 6673,
Revised Civil Statutes of Texas, which reads in part as
follows:

"Article 6673.   Control of Highways.

"The commission is authorized to
take over and maintain various State
highways in Texas, and the counties
through which said highways pass shall
be free from any cost, expense or super-
vision of such highways." * * *

After a careful and exhaustive study of your
question, we have been unable to find any authority, ex-
pressed or implied, which would authorize the County Com-
missioners of Brooks County, Texas, to appropriate money
to pay the light bill that would be incurred by maintain-

Honorable F. G. Garza, Page 3

ing and upkeeping two electric traffic lights at two intersections of two State highways intersecting in the heart of Falfurrias.

Therefore, you are respectfully advised that it is the opinion of this department that the County Commissioners' Court of Brooks County, Texas, does not have. the authority, expressed or implied, to expend the county funds for the purpose about which you inquire.

Trusting that the foregoing satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By D. Burle Daviss

D. Burle Daviss
Assistant

DBD:FG

APPROVED NOV 8, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN